**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | |
| | ) | |
| **Plaintiff** | ) | **CIVIL ACTION NO.** |
| | ) | **19-CV-4213** |
| **v.** | ) | |
| | ) | **C O M P L A I N T** |
| **M&M LIMOUSINE SERVICES** | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Sabri H. Alatfi ("Alatfi"), a qualified individual with a disability, who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Defendant M&M Limousine Services ("M&M" or the "Employer") violated the Americans with Disabilities Act when Defendant failed to hire Alatfi, a qualified individual with a disability, because of his disability and when Defendant's failed consider whether Alatfi could perform the job with or without a reasonable accommodation.

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, M&M has continuously been a corporation doing business in the State of Illinois and the city of Des Plaines and has continuously had at least 15 employees.

5.      At all relevant times, M&M has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6.      At all relevant times, M&M has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, Alatfi filed a charge with the Commission alleging violations of the ADA by M&M.

8.     On July 20, 2018, the Commission issued to M&M a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.     The Commission engaged in communications with M&M to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     On August 22, 2018, the Commission issued to M&M a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.     Alatfi is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Alatfi has a physical or mental impairment, deafness, that substantially limits the major life activities of hearing and speaking.

13.     On or about June 12, 2017, M&M engaged in unlawful employment practices at its Des Plaines, Illinois location, in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112(a), when it failed to hire Alatfi because he is deaf.

14.     On or about June 12, 2017, M&M engaged in unlawful employment practices at its Des Plaines, Illinois location, in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112(a), when M&M refused to consider whether Alatfi could perform the job of chauffeur

driver with or without reasonable accommodations, when M&M learned Mr. Alatfi was deaf during a video relay call that Mr. Alatfi placed to M&M to apply for the position.

15.     The effect of the practices complained of in paragraphs 12-14 above has been to deprive Alatfi of equal employment opportunities and otherwise adversely affect his status as an applicant because he is deaf.

16.     The unlawful employment practices complained of in paragraphs 12 -14 above were intentional.

17.     The unlawful employment practices complained of in paragraphs 12-14 above were done with malice or with reckless indifference to the federally protected rights of Alatfi.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant M&M, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability.

B.      Order Defendant M&M to institute and carry out policies, practices, and programs, which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant M&M to make Alatfi whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant M&M to make Alatfi whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-14, in amounts to be determined at trial.

E.      Order Defendant M&M to make Alatfi whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12-14 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant M&M to pay Alatfi punitive damages for its malicious and reckless conduct, as described in paragraphs 12-14 above, in amounts to be determined at trial.

G.      Order Defendant M&M to make Alatfi whole through placement into the position of chauffer driver with M&M with full benefits and seniority or pay Alatfi front-pay in lieu of placement.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Dated: June 24, 2019

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity
Commission
131 M. Street, N.E.
Washington, D.C. 20507

*s/Gregory Gochanour*
Regional Attorney
Gregory Gochanour

s/Diane Smason
Supervisory Trial Attorney
Diane Smason

s/Kelly Bunch
Trial Attorney
Kelly Bunch

s/Laurie Elkin
Trial Attorney
Laurie Elkin

U.S. Equal Employment
  Opportunity Commission
Chicago District Office
230 S. Dearborn St. Ste 2920
Chicago, Illinois 60304
(312) 872-9708
Laurie.Elkin@eeoc.gov