IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> M&M LIMOUSINE SERVICES., <br><br> Defendant. | Civil Action No. 19-cv-4213 <br><br> Judge Feinerman <br><br> Magistrate Judge Schenkier |

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action against M&M Limousine Services (M&M) alleging that M&M engaged in unlawful employment practices, in violation of Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), by failing to hire Sabri Alatfi ("Alatfi") because of his disabilities. M&M filed an Answer denying this allegation.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and M&M have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC and shall be binding on the EEOC; on M&M; on M&M's directors, officers, members, employees, successors, and assigns; and on all persons in active concert or participation with M&M.

1

## FINDINGS

3. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

    (a) This Court has jurisdiction over the subject matter of this action and the parties;

    (b) The terms of this Decree are adequate, fair, reasonable, equitable, and just;

    (c) The rights of the EEOC, Alatfi, M&M, and the public are adequately protected by this Decree;

    (d) This Decree conforms to the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person; and

    (e) Entry of this Decree will further the objectives of the ADA and will be in the best interests of the EEOC, Alatfi, M&M, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## INJUNCTION AGAINST DISCRIMINATION AND RETALIATION

4. M&M, its officers, agents, employees, members, successors, assigns, and all persons acting in concert with it are hereby enjoined from engaging in any employment practice prohibited by the ADA, including: (1) discriminating against qualified individuals because of their disability or the need to provide reasonable accommodation for an employee's disability and (2) engaging in any form of retaliation against any person because such person has opposed any practice prohibited by the ADA, filed a charge of discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## MONETARY RELIEF

5. Subject to the terms and conditions of this Decree, M&M shall pay the gross sum of $30,000 to Alatfi for compensatory damages for which Defendant shall issue an IRS Form 1099.

6. By March 14, 2020 and after having received a copy of a Release Agreement

executed by Alatfi in the form set forth in Exhibit A to this Decree, M&M shall issue and mail to Alatfi, by Certified or Registered Mail, the check for the payment for compensatory damages to which Alatfi is entitled under Paragraph 5, above. Contemporaneously, M&M shall submit a copy of the check to the EEOC.

## TRAINING

7. No later than ninety (90) days after entry of this Decree, all M&M's managers, supervisors, owners or persons responsible for hiring and/or providing reasonable accommodations shall participate in an in-person training session regarding the rights of employees or applicants under the ADA and the obligations of employers under the ADA, including, without limitation, providing reasonable accommodations. M&M shall repeat this training at least once every twelve (12) months for the duration of the Decree, within six (6) calendar months of each anniversary following entry of this Decree. A registry of attendance shall be maintained for each training session required under this Paragraph.

8. M&M shall obtain the EEOC's approval of its proposed outside/independent trainer(s) and the proposed training content and materials before the commencement of any training session required pursuant to this Decree. M&M shall submit the name(s), address(es), telephone number(s), resume(s), and training proposal of its proposed trainer(s) (including copies of all materials proposed to be displayed, distributed, or otherwise presented) to the EEOC at least twenty-eight (28) days prior to the proposed date of each training session. EEOC shall have fourteen (14) days from the date it receives the information described above to accept or reject the proposed trainer(s), training proposal, and/or training materials. In the event the EEOC does not approve M&M's proposed trainer(s), training proposal, and/or training materials, M&M shall have seven (7) days to identify an alternate trainer(s) and/or make changes to the training

proposal and/or training materials. The EEOC shall then have seven (7) days from the date it receives the information described above to accept or reject the alternate trainer(s), proposal, and/or training materials. If the parties cannot agree on a trainer and training content through this process, they may seek the Court's assistance under the Dispute Resolution section, below.

9. No later than ten (10) business days after each training session described in Paragraph 7 above, takes place, M&M shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name and position of all the employees subject to the training requirement; and (d) copies of any and all pamphlets, brochures, outlines or other written materials provided or displayed to the personnel attending each training session.

## POSTING OF NOTICE

10. No later than fourteen (14) business days after entry of this Decree, M&M shall post copies of the Notice attached as Exhibit B to this Decree in a conspicuous location on a bulletin board or other physical space that is regularly used by M&M for posting legal notices concerning employee or member rights. The Notice shall remain posted in this manner for the term of this Decree. M&M shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material.

11. No later than fourteen (14) business days after entry of this Decree, M&M shall certify to EEOC in writing that the Notice has been properly posted in accordance with Paragraph 10 above.

## RECORD KEEPING AND INSPECTION

12. Defendant shall maintain and make available for inspection and copying by EEOC records (including names, addresses, and telephone numbers) of each employee, member or applicant who makes a complaint of disability discrimination or who makes a request for an accommodation under the ADA. Such records shall include, but not be limited to, the following: (1) the name of the individual who complained of discrimination or requested an accommodation; (2) the date of the complaint or request for accommodation; (3) the nature of the alleged complaint or the specific accommodation requested; (4) what actions, if any, Defendant took to resolve the complaint or request for accommodation; and (5) the resolution of the complaint or of the request for accommodation.

13. Defendant shall make all documents or records referred to in Paragraph 12 above available for inspection and copying within ten (10) business days after EEOC so requests. In addition, Defendant shall require personnel within its employ whom EEOC reasonably requests for purposes of verifying compliance with this Decree to cooperate with EEOC and to be interviewed. M&M shall permit a representative of the EEOC to enter its facility without advance notice, with M&M's attorney present, during normal business hours, for the purpose of verifying compliance with the notice posting requirement of Paragraph 10.

## REPORTING

14. M&M shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

5

(a) copies of all records described in Paragraph 12, above, for the six (6) month period preceding the Semi-Annual Report or a certification by M&M that no requests, complaints or reports were received during that period;

(b) a certification by M&M that the Notice required to be posted pursuant to Paragraph 10 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report.

## POLICY PROHIBITING DISCRIMINATION

15. Within sixty (60) calendar days after entry of this Consent Decree, M&M shall adopt and distribute to all employees and/or members a policy against disability discrimination and specifying that M&M will provide reasonable accommodations to applicants and to qualified employees and/or members with a disability. The policy must, at a minimum, identify each person by name and title to whom complaints of disability discrimination and/or requests for reasonable accommodation may be made. A copy of the policy shall be distributed to each new employee or member by the seventh calendar day after the employee or member begins working for M&M.

## DISPUTE RESOLUTION

16. If during the term of this Decree either party to the Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party fourteen (14) business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fourteen (14) business days, the complaining party may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate.

## TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION

17. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of three (3) years immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 1, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

18. Each party shall bear its own expenses, attorneys' fees, and costs.

19. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of M&M. Prior to any sale or other transfer of M&M's business or sale or other transfer of all or a substantial portion of M&M's assets, M&M shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

20. When this Decree requires the submission by M&M of reports, certifications, notices, or other materials to the EEOC, they shall be sent by U.S. Mail to M&M Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 230 S. Dearborn St., Ste. 2920, Chicago, IL 60604.

SO ORDERED, ADJUDGED, and DECREED on this 19 day of February 2020.

By the Court:

_____
The Hon. Gary Feinerman
United States District Judge

Agreed to in form and content:

For the UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION
230 S. Dearborn Street, Suite 2920
Chicago, Illinois 60604

*[signature]*
Gregory M. Gochanour
Regional Attorney

*[signature]*
Ethan M.M. Cohen
Supervisory Trial Attorney

*[signature]*
Kelly Bunch
Trial Attorney

*[signature]*
LAURIE S. ELKIN
Trial Attorney

For M&M Limousine Services

By: *[signature]*
One of Its Attorneys

Martin K. LaPointe
S. Leigh Jeter
LaPointe Law, P.C.
1200 Shermer Road, Suite 425
Northbrook, IL 60062
Telephone: (847) 786-2500
Facsimile: (847) 786-2650

8

# EXHIBIT A

# EXHIBIT B

## NOTICE TO M&M EMPLOYEES AND MEMBERS

This Notice is being posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in EEOC v. M&M Limousine Services., Case No. 19-cv-4213 (N.D. Ill.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against M&M Limousine Services ("M&M").

In this lawsuit, the EEOC alleged that M&M violated the Americans with Disabilities Act of 1990 (ADA) by failing to hire an individual because of his disability. M&M filed an answer denying this allegation.

To resolve this case, EEOC and M&M have entered into a Consent Decree requiring, among other things, that:

1. The company will pay $30,000 to the employee alleging discrimination;

2. The company will provide training to all to all supervisors, managers, owners and persons involved in hiring and/or providing reasonable accommodations about the requirements of the ADA;

3. The company will not refuse to hire and will not terminate any qualified employee or applicant because of his/her disability; and

4. The company will not retaliate against anyone for asking for a reasonable accommodation, making a report or complaint about unlawful employment discrimination or harassment, filing a charge of discrimination, or participating in any way in a proceeding under the ADA.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment and pregnancy), religion, national origin, age, disability, genetic information, and retaliation. Further information about EEOC and these laws is available on EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact EEOC by phone at 312-872-9708 or by ASL Video Phone at 844-234-5122. The EEOC charges no fees.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: M&M Consent Decree Compliance; EEOC – Legal Unit; 230 S. Dearborn St., Ste. 2920, Chicago, IL 60604.

| Date | Judge Gary Feinerman |
| --- | --- |
| | United States District Court |

## RELEASE AGREEMENT

In consideration of $30,000 to be paid to me by M&M Limousine Services in connection with the resolution of EEOC v. M&M Limousine Services, Case No. 19-cv-4213 (N.D. Ill.), I waive my right to recover for any claims of employment discrimination arising under the Americans with Disabilities Act of 1990 that I had against M&M Limousine Services on or before the date of this release and that were included in the claims in EEOC's complaint in EEOC v. M&M Limousine Services.

Signed: _____         Date: _____
         Sabri Alatfi

10